IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERRY LEWIS SMART, 12033738,<br>       Petitioner, | )<br>)<br>) |
| v. | )    No. 3:13-CV-632-D |
| | ) |
| RICK THALER, Director, TDCJ-CID,<br>       Respondent. | )<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**PROCEDURAL BACKGROUND**

Petitioner challenges his conviction for assault with bodily injury, family violence, in this habeas corpus proceeding brought under 28 U.S.C. § 2254. *State of Texas v. Perry Smart*, No. F-12-56097-P (203rd Jud. Dist. Ct., Dallas County, Feb. 20, 2013). He was sentenced to twenty-five years in prison. On February 21, 2013, Petitioner filed a direct appeal. *Smart v. State*, No. 05-13-00292-CR (Tex. App. – Dallas). This appeal is currently pending.

On February 7, 2013, Petitioner filed the instant § 2254 petition. On April 18, 2013, Respondent filed his answer. Petitioner did not file a reply. The Court determines the petition should be dismissed for failure to exhaust state remedies.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner's direct appeal is currently pending. Petitioner has therefore not yet presented his claims to the Court of Criminal Appeals. The petition should be dismissed for failure to exhaust state remedies.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 21st day of May, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).